UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN STONE, | |
| Plaintiff, | |
| -against- | 22-CV-8615 (LTS) |
| CITY OF NEW YORK; JOSLYN CARTER, DEPARTMENT OF HOMELESS SERVICES; PROJECT RENEWAL CEO ERIC ROSENBAUM; US RENAISSANCE; MAYOR ERIC ADAMS; BRAD LANDER NYC COMPTROLLER; GARY JENKINS DSS COMMISSIONER, | ORDER TO AMEND |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, alleging that Defendants violated his federally protected rights. By order dated October 17, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that Defendants discriminated and retaliated against him in violation of his rights under the Fair Housing Act (FHA), the Americans with Disabilities Act of 1990 (ADA), and the Rehabilitation Act of 1973. He also asserts that Defendants violated his "HIPPA Rights, Human Rights, [and the] COVID Act." (ECF 2, at 3.) The Court construes the complaint as also asserting a First Amendment retaliation claim under 42 U.S.C. § 1983. Named as defendants are: (1) the City of New York; (2) Mayor Eric Adams; (3) Comptroller Brad Lander;

(4) New York City Department of Homeless Services (DHS) administrator Joslyn Carter; (5) Project Renewal CEO Eric Rosenbaum; and (6) US Renaissance Homeless Shelter Services. The following facts are drawn from the complaint.

Plaintiff, who suffers from an unspecified mental illness and chronic asthma, currently resides in a homeless shelter in Brooklyn called Renaissance. Plaintiff previously resided in a homeless shelter in Manhattan run by Project Renewal called Fort Washington M.I.C.A. Shelter for Single Men. (ECF 2 at 9.) Plaintiff's advocacy about shelter conditions, including a lack of clean and adequate shower facilities or COVID-19 protocol, the presence of "toxic air" resulting from asbestos and ongoing construction, and a waterbug infestation, caused him to be targeted and retaliated against by "staff" at the shelter. (*Id.*) Plaintiff complained about the shelter conditions to Project Renewal CEO Rosenbaum, DHS, the mayor and the comptroller, but his complaints "went ignored." (*Id.*) Plaintiff was hospitalized in April 2021, because the shelter conditions exacerbated his asthma and mental health condition. Shelter staff "threatened" Plaintiff for posting pictures of the shelter on social media, leaving him "scared for [his] life physically and mentally." (*Id.* at 10.) Plaintiff then reached out to "an advocate for the homeless community named Alphonso Syville" for help with getting transferred to a different shelter. Syville complained to the Coalition for the Homeless on Plaintiff's behalf. (*Id.* at 10.)

In June 2021, Plaintiff was given an "Emergency Transfer" to his current shelter in Brooklyn, Renaissance, where he was placed in a six-person room "where they smoke everything." (*Id.* at 11.) Plaintiff sought another emergency transfer, and was twice physically assaulted in front of the shelter, apparently because he attempted to record conditions inside the shelter. (*Id.* at 12.)

Plaintiff alleges that he suffers depression, anxiety, weight loss, mental anguish, trauma, and the loss of wages, and he seeks $10 million in damages. (*Id.* ¶¶ IV, V.)

## DISCUSSION

### A.    Claims under 42 U.S.C. § 1983

Plaintiff's claims that Defendants violated his rights to freedom of speech under the First Amendment arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

####    1.    Personal involvement – Adams, Jenkins, Carter, and Lander

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Mayor Adams, DSS Commissioner Jenkins, DHS Administrator Carter, and Comptroller Lander were personally involved in the events underlying his claims. Plaintiff asserts only that he alerted these

Defendants to some of these matters, but does not allege facts suggesting that they were personally involved in allegedly violating his federally protected rights. Plaintiff therefore fails to state a Section 1983 claim against them. The Court grants Plaintiff leave to file an amended complaint to provide facts showing that the named Defendants were personally involved in what occurred, and that their actions violated his federally protected rights.

2.      State Action – Project Renewal CEO Rosenbaum and Renaissance

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabricant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of Section 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a

public function because it is not the excusive province of the state. *See, e.g.*, *George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

Defendants Project Renewal CEO Eric Rosenbaum and US Renaissance are private actors who are not alleged to work for any state of other governmental body. Moreover, Plaintiff's allegations that these defendants work for agencies that operate a homeless shelter or receive funds from the City of New York are insufficient to suggest that the actions of these defendants are attributable to the state. Plaintiff therefore fails to state a Section 1983 claim against Rosenbaum and Renaissance.[1]

3.    Municipal liability – Claim against the City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654

---

[1] Even if Plaintiff had alleged facts suggesting these defendants are state actors for the purposes of Section 1983, he fails to allege that these defendants were personally and directly involved in the events giving rise to his claims. Moreover, venue is not proper in this court in connection with any allegations arising from conditions in the Renaissance Shelter, which is located in Brooklyn, New York. 28 U.S.C. § 1391; 28 U.S.C. § 112(a) (Brooklyn, which is located in Kings County, New York, falls within the Eastern District of New York).

F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality,

the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or

practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's

constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of*

*Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff sues the City of New York, but he alleges no facts suggesting that the City

of New York itself has a policy, practice, or custom that resulted in a violation of his

constitutional rights. Plaintiff therefore fails to state a Section 1983 claim against the City of

New York.

4.    First Amendment retaliation

To state a First Amendment retaliation claim, a private citizen must allege that "(1) he has

an interest protected by the First Amendment; (2) defendants' actions were motivated or

substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled

the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir.

2001); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the

factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected

by the First Amendment."). The plaintiff must also show, as with other Section 1983 claims, that

the defendants' actions were taken under color of state law. *See Sykes*, 723 F.3d at 406 (internal

citation omitted); *see also Ciambriello*, 292 F.3d at 323.

Even if the Court assumes that Plaintiff is entitled to First Amendment protection for his

advocacy on issues relating to conditions at the shelter, that the alleged retaliatory actions were

caused by Plaintiff's exercise of his rights, and that Plaintiff's exercise of his First Amendment

rights was effectively chilled, Plaintiff fails to identify any state-actor defendants who allegedly

retaliated against him. The complaint instead repeatedly alleges that Project Renewal "staff" retaliated against Plaintiff. As discussed above, Project Renewal and its staff are private actors and Plaintiff has failed to allege facts suggesting they should be considered state actors under Section 1983.

The Court grants Plaintiff leave to amend his complaint to name as defendants any state actors, such as employees of the City of New York, whom he alleges have retaliated against him. If Plaintiff believes he has been retaliated against by Project Renewal staff, he must name as defendants those individual staff members and allege facts, as described above, suggesting that they are state actors under Section 1983. If Plaintiff amends his First Amendment retaliation claim, he should also allege any additional facts suggesting that his advocacy was protected by the First Amendment, that the named defendants' actions were substantially caused by Plaintiff's exercise of his First Amendment rights, and that the named defendants' actions effectively chilled his exercise of such rights.

5.     Shelter conditions

Any Section 1983 claims Plaintiff is asserting based on shelter conditions must be dismissed because there is no federal constitutional right to housing, including a shelter system. In *Lindsey v. Normet*, the Supreme Court held that there is no "constitutional guarantee of access to dwellings of a particular quality." 405 U.S. 56, 74 (1972). Furthermore, the government has no "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y Apr. 17, 2012) (internal quotation marks and citation omitted). Plaintiff's allegations about undesirable shelter conditions do not state a federal claim because there is no due process property right to placement in a particular type of shelter under federal law or New York law. *See Lindsey*, 405 U.S. at 74 ("We are unable to perceive in [the

Constitution] any constitutional guarantee of access to dwellings of a particular quality . . .

[a]bsent constitutional mandate, the assurance of adequate housing and the definition of

landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City*

*Dep't of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y 2009) ("The Plaintiff has no

claim for deprivation of property without due process because he does not have a property right

to placement in a particular type of shelter under New York law."). The Court therefore dismisses

Plaintiff's Section 1983 claims arising from his shelter conditions for failure to state a claim on

which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims under the ADA, Rehabilitation Act, and FHA**

Plaintiff asserts that Defendants retaliated against him in violation of the ADA, the

Rehabilitation Act, and the FHA.

To state a claim for retaliation under the ADA, the Rehabilitation Act, or the FHA, a

plaintiff must allege that (1) he was engaged in an activity protected under the relevant statute,

(2) the defendants were aware of this activity, (3) the defendants took adverse action against the

plaintiff, and (4) a causal connection exists between the protected activity and the adverse

action. *See Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002) (ADA and

Rehabilitation Act); *Elmowitz v. Exec. Towers at Lido, LLC*, 571 F. Supp. 2d 370, 376 (E.D.N.Y.

2008) (FHA).

As an initial matter, individuals cannot be held liable for retaliation under the ADA or the

Rehabilitation Act. *See Spiegel v. Schulman*, 604 F.3d 72, 79 (2d Cir. 2010) ("[T]he retaliation

provision of the ADA . . . cannot provide for individual liability."); *J.L. on behalf of J.P. v. New*

*York City Dep't of Educ.*, 324 F. Supp. 3d 455, 467 (S.D.N.Y. 2018) ("There is no individual

liability under the ADA or § 504 of the Rehabilitation Act."). Plaintiff therefore fails to state a

claim for retaliation under the ADA or Rehabilitation Act against individual Defendants Adams, Jenkins, Carter, Lander, and Rosenbaum.

Although the FHA does allow for individual liability, *see Andujar v. Hewitt*, No. 02-CV-2223, 2002 WL 1792065, at *10 (S.D.N.Y. Aug. 2, 2002) (collecting cases), Plaintiff has not alleged any facts suggesting that any of the named defendants retaliated against him. Plaintiff instead alleges that unspecified Project Renewal "staff" retaliated against him.

Finally, to state a claim for retaliation under the ADA, the Rehabilitation Act, or the FHA, a plaintiff must first allege that he was engaged in activity that is protected under these statutes. *See* 42 U.S.C. § 12203 (prohibiting retaliation against an individual who has "participated in any manner in an investigation, proceeding, or hearing" under the ADA); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) (defining "protected activity" as "action taken to protest or oppose statutorily prohibited discrimination"). Here, Plaintiff states that he suffers from asthma and an unspecified mental illness, and that he complained about the general conditions of the shelter, but none of his allegations suggests that his complaints involved discrimination based on a disability. *See, e.g.*, *Williams v. New York City Hous. Auth.*, No. 07-CV-7587 (RJS), 2009 WL 804137, at *8 (S.D.N.Y. Mar. 26, 2009) (complaints of general conditions at housing complex are not "protected activities" under the FHA).

In an abundance of caution, the Court grants Plaintiff leave to amend his claims under the ADA, Rehabilitation Act, and FHA. In his amended complaint, Plaintiff should name the entity responsible for retaliating against him, such as the shelter, and he must allege facts suggesting that adverse action was taken against him because he complained of or protested discrimination based on his disability. To state a claim under the Rehabilitation Act, Plaintiff must also allege that the defendant receives federal funding. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272

(2d Cir. 2003) (to establish a violation under the Rehabilitation Act, "a plaintiff must show that defendants receive federal funding").

## C.   HIPAA Claims

Plaintiff alleges that Defendants violated his rights under "HIPPA," which the Court understands to be a reference to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). The Court must dismiss Plaintiff's claims under HIPAA because HIPPA does not provide a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). The Court therefore dismisses Plaintiff's claims under HIPAA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.   Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). If Plaintiff fails to state a claim under federal law in the amended complaint, any state law claims Plaintiff may be asserting will be dismissed under 28 U.S.C. § 1367(c)(3) without prejudice to Plaintiff's pursuing those claims in an appropriate state-court forum.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.[2]

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-8615 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 19, 2022
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

# <u>Notice For Pro Se Litigants</u>

**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

            (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of

                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial       Last Name

_____

Street Address

_____

County, City                     State             Zip Code

_____

Telephone Number               Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

Defendant 4:

_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you. Attach
additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| Dated | | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.